UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NL INDUSTRIES, INC., et al. ) <br> ) <br> Defendants, ) <br> ) <br> and ) <br> ) <br> CITY OF GRANITE CITY, ILLINOIS, ) <br> LAFAYETTE H. HOCHULI, and ) <br> DANIEL M. McDOWELL, ) <br> ) <br> Intervenor-Defendants. ) <br> ) <br> HONEYWELL INTERNATIONAL INC., ) <br> JOHNSON CONTROLS, INC., and  ) <br> LUCENT TECHNOLOGIES, INC., ) <br> ) <br> Crossclaim and ) <br> Third-Party Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> A & W BATTERY, et al. ) <br> ) <br> Third-Party Defendants. ) | Case No. 91-CV-578-JLF |

**MEMORANDUM AND ORDER**

**FOREMAN, DISTRICT JUDGE:**

Before the Court is a motion for § 1292(b) certification or alternatively, for entry of judgment denying the counterclaims filed by third-party defendants Alter Company and Ace Battery, Inc. (Doc. 626). Third-party plaintiffs Honeywell International, Inc., Johnson Controls, Inc., and Lucent Technologies, Inc., have filed a response (Doc. 626). This motion is discussed below.

## I. Background.

On May 4, 2005, this Court issued a memorandum and order concluding that the defenses available to recyclers under the Superfund Recycling Equity Act of 1999, (SREA), do not apply to this case (Doc. 622). Movants now ask this Court to certify this ruling for immediate appeal under 28 U.S.C. § 1292(b).

## II. Discussion.

Title 28 U.S.C. § 1292(b) provides as follows:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (*emphasis added*).

Thus, under § 1292(b), this Court may certify its order for immediate appeal if it involves: (1) a controlling question of law; (2) as to which there is substantial ground for difference of opinion; and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *28 U.S.C. § 1292(b); see also Ahrenholz v. Bd. of Trustees of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir.2000). For certification to occur, the moving

party must demonstrate all three factors. *Id.* Simply because an immediate appeal may advance the litigation is not sufficient.

Section 1292(b) certification is the "exception, not the rule," and should thus be granted "sparingly." *In re Brand Name Prescription Drugs*, 1998 WL 808992, at *3 (N.D.Ill. Nov.17, 1998). The movant bears a "heavy burden" of demonstrating that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after entry of a final judgment." *Id., (citations omitted)*.

The United States Court of Appeals for the Seventh Circuit has defined a "controlling question of law" as an issue that "the court of appeal could decide quickly and cleanly without having to study the record," such as "the meaning of a statutory . . . provision." *Ahrenholz*, 219 F.3d at 676-77. This issue involves a matter of statutory interpretation, thus, this requirement is met. To demonstrate the second requirement, however, that is, a substantial difference of opinion on a question of law, movants must show that "there are substantial conflicting decisions regarding the claimed controlling issue," or where the controlling question "is not settled by controlling authority," that there is "a substantial likelihood" that this Court's decision will be reversed on appeal. *Gamboa v. City of Chicago*, 2004 WL 2877339, at *4 (N.D.Ill.Dec.13, 2004) (*citations omitted*). Movants may not prevail simply by showing a "lack of judicial precedent," or that the issue is one of first impression. *See In re Bridgestone/Firestone, Inc.*, 212 F.Supp.2d 903, 909 (S.D.Ind.2002) (*citing Demert & Dougherty v. Goodman*, 2001 WL 1539063, at *6 (N.D.Ill. Nov.30, 2001)).

Instead, movants must show "substantial conflicting positions regarding the issue of law proposed for certification." *In re Bridgestone/Firestone, Inc.*, 212 F.Supp.2d at 909-10.

Here, movants argue that there are substantial grounds for difference of opinion and state that they have identified these grounds in their original memorandums on the subject. Movants also argue that the Circuit Courts of Appeal have differed in their decisions when applying SREA. The Court notes that the movants' original arguments regarding SREA have been thoroughly addressed in the Court's May 4, 2005 memorandum and order (Doc. 622). To summarize, on this issue the Court reached the same conclusion as did the Southern District of Ohio in *United States v. Atlas Lederer Co.*, 97 F.Supp.2d 830 (S.D.Ohio 2000), which is the case that is most analogous to this action. The Circuit Court of Appeal opinions cited by movants are distinguishable because those actions were initiated by private parties rather than, as here, the United States (See Doc. 622, pp.12-13, 15). Movants have not shown that there are "substantial conflicting decisions regarding the claimed controlling issue," or that there is a "substantial likelihood" that this Court's decision will be reversed on appeal. *Gamboa,* 2004 WL 2877339, at *4 (*citations omitted*). Accordingly, this Court finds that there is not a substantial ground for difference of opinion on the Court's conclusion that the SREA defenses do not apply to this action.

Because one of the § 1292(b) requirements has not been met, the Court need not address the remaining requirement of whether certification would materially advance the litigation. For all of the above reasons, the request for § 1292(b) certification is denied. *See United States v. Atlas Lederer Co.*, 174 F.Supp.2d 666 (S.D.Ohio 2001) (denying § 1292(b)

certification of same question in *United States v. Atlas Lederer Co.*, 97 F.Supp.2d 830 (S.D.Ohio 2000)).

Movants also request that the Court enter judgment on their counter-claims so that they will have a judgment that is immediately appealable. The Court finds that the record is undeveloped as to these counterclaims, (See Docs. 571,572), thus, entering judgment on these counterclaims at this point would be premature. The alternative motion for judgment on movants' counterclaims is denied.

### III.   Summary.

For the above reasons, the motion for § 1292(b) certification and motion for entry of judgment on denying movants' counterclaims (Doc. 626) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  July 12, 2005.**

*s/ James L. Foreman*
**DISTRICT JUDGE**