## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 91-CV-578-JLF** |
| | ) | |
| **NL INDUSTRIES, INC., et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**FOREMAN, District Judge:**

Before the Court is a motion to dismiss the claims of Lucent Technologies filed by A. Miller & Company (Doc. 640).  Lucent Technologies has filed a response (Doc. 644), A. Miller has filed a reply, (Doc. 645), and Lucent has filed a surr-reply (Doc. 646).

A. Miller has moved to dismiss Lucent's claims on the ground that Lucent has never been made a party to this action.  Specifically, A. Miller argues that no motion has ever been made to allow Lucent to be substituted for AT&T in this action.

Initially, the Court notes that A. Miller's motion is untimely under the Court's most recent Case Management Order (Docs. 639, 637, Exh.1).  The Case Management Order provides that dispositive motions may be filed prior to July 11, 2006, only with leave of Court, and with supporting reasons why an early disposition would substantially reduce the litigation burdens for the Court and the parties.  A. Miller has failed to seek leave of Court, thus, the motion is **DENIED** as untimely under the Court's Case Management Order.

In addition, the Court notes that Lucent has already been substituted for AT&T in this matter. (Doc. 280) ("The Court grants Attorney Nassif's oral motion to substitute Defendant Lucent Technologies, Inc. for Defendant AT&T.  By way of background, Lucent became AT&T's successor in interest with regard to the subject matter of this litigation.  Beginning in 1998, Lucent has been performing response work at the site.  On May 14, 1999, Lucent entered into a Consent Decree with the United States and executed the signature page by signing for itself, and "on behalf of AT&T."  On November 9, 1999, the United States filed and served the Notice of Lodging the Consent Decree, thereby substituting Lucent for AT&T (Doc. 251).   On June 12, 2002, the United States filed and served upon Lucent its memorandum in support of the Consent Decree, and on June 13, 2002, filed a motion for entry of the Consent Decree (Doc. 260).  Finally, the Court approved and entered the Consent Decree on March 18, 2003 (Docs. 290,291).  As noted, on August 12, 2002, the Court substituted Lucent for AT&T.

It is clear that no formal motion to substitute parties is required.  Specifically, Federal Rule Civil of Procedure 25(c) states as follows:

> **(c) Transfer of Interest.** In case of any transfer of interest, the action may be continued by or against the original party, unless the court upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party.  Service of the motion shall be made as provided in subdivision (a) of this rule.
>
> *Fed.R.Civ.Proc. 25(c).*

Rule 25(c) states that when there is a transfer of interest, the action may be continued against the original party, unless the court directs a substitution.  With regard to the party to

whom the interest is transferred, the United States Court of Appeals for the Seventh Circuit has noted that:

> The most significant feature of Rule 25(c) is that it does not require that anything be done after an interest has been transferred. The action may be continued by or against the original party, *and the judgment will be binding on his successor in interest even though he is not named*. An order of joinder is merely a *discretionary determination by the trial court* that the transferee's presence would facilitate the conduct of the litigation.

*Otis Clapp & Son, Inc. v. Filmore Vitamin Co.*, 754 F.2d 738, 743 (7th Cir.1985) (*emphasis added*) (*citing* 7A Wright and Miller, Federal Practice and Procedure § 1958, at 664-65 (*footnotes omitted*); and *Kaplan v. Joseph*, 125 F.2d 602, 606 (7th Cir.1942)).

Furthermore, according to Wright & Miller's Federal Practice and Procedure, substitutions under Rule 25(c) operate as follows:

> The court, if it sees fit, may allow the transferee to be substituted for the transferor. It also is free, if it wishes, to retain the transferor as a party and to order that the transferee be made an additional party. In either case, personal jurisdiction and venue will be extended over the successor; it is not necessary to re-establish those requirements. If the transferor and transferee are both already parties to the action the court, again in its discretion, may dismiss the transferor from the suit. . . . Since Rule 25(c) is wholly permissive there is no time limit on moving to substitute under its provisions.

7C Wright, Miller & Kane, *Federal Practice and Procedure § 1958*, at 557-61 (2d ed. 1986) (*citations omitted*). Indeed, the substitution can occur at any time, including years after judgment is entered. *See e.g. Panther Pumps & Equipment Co., Inc. v. Hydrocraft, Inc.*, 566 F.2d 8 (7th Cir.1977).

Here, the Court has already substituted Lucent for AT&T in this action (Doc. 280).

For the above reasons, A. Miller & Company's motion to dismiss (Doc. 640) is **DENIED.**[1]

**IT IS SO ORDERED.**
**DATED: January 27, 2006.**

**s/ James L. Foreman**
**DISTRICT JUDGE**

---

[1]A. Miller indicates in its memorandum that if the Court grants Lucent party status, then A. Miller would request leave to submit arguments to the Court as to why Superfund Equities Recycling Act (SREA) should apply to Lucent's claim against to A. Miller.  The Court notes, however, that the Court already granted Lucent party status on August 12, 2002 (Doc. 280).  The Court also notes that on two prior occasions, the Court has found that SREA does not apply to this action (See Docs.622,290).